**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACO VAN MAANEN, | No. 12-15515 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00493-AWI-JLT |
| v. | |
| UNIVERSITY OF THE NATIONS, INC., DBA YWAM-University of the Nations and DOES, 1-10, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| And | |
| YOUTH WITH A MISSION INTERNATIONAL, INC., DBA YWAM-Office of The Founders and YOUTH WITH A MISSION-BISHOP, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted October 9, 2013
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: D.W. NELSON, M. SMITH, and IKUTA, Circuit Judges.

Jaco van Maanen appeals the district court's decision granting summary judgment in favor of the University of the Nations (University) on van Maanen's claim of ostensible agency under California law. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The evidence in the record does not establish any genuine dispute of material fact suggesting that van Maanen relied on a belief that Youth With a Mission-Bishop (YWAM-Bishop) was the agent of the University when he decided to enroll in the SOAR course. *See* Cal. Civ. Code § 2300; *Associated Creditors' Agency v. Davis*, 13 Cal. 3d 374, 399 (1975). Van Maanen testified that he relied on the inclusion of the YWAM-Bishop SOAR course as part of the University course catalog because it informed him that the course was part of the YWAM movement and complied with YWAM's values. But Van Maanen did not identify any other reason why the inclusion of the SOAR course in the University was important to him. *Cf. J.L. v. Children's Institute, Inc.*, 177 Cal. App. 4th 388, 403–04 (2009). Accordingly, there is no evidence that in making his decision to enroll in the SOAR course van Maanen relied on the ability of the University to exercise control over YWAM-Bishop. *Cf. Kaplan v. Coldwell Banker Residential*

2

*Affiliates, Inc.*, 59 Cal. App. 4th 741, 744–48 (1997); *Beck v. Arthur Murray, Inc.*, 245 Cal. App. 2d 976, 977–78 (1966).

**AFFIRMED**.